## PROVIDENCE COUNTY.

### ARTHUR CUSSON vs. LUDGER GEMME et ux.

Where materials for the erection of a house were furnished by several dealers
   on the faith of a mortgage of the premises made by the owner to one of the
   dealers, and in pursuance of an understanding that the mortgage was to stand
   as security for all of them, the contractor who built the house and to whom
   the materials were apparently sold and delivered but upon whom the dealers
   had no claim and to whom they did not look for payment of the bills, is not
   entitled to a mechanic's lien for the amount of such bills charged in his ac-
   count.

   PETITION for a mechanic's lien.   On exceptions to the
master's report.

*June* 18, 1896.   STINESS, J.   The complainant being entitled to a mechanic's lien for the erection of a house for the respondents, the case was referred to a master to take an account, who found the following facts :   The contract price for the house was $3,800.   The respondents expected to raise this sum by mortgage of the premises in question, but being unable to do so, Messrs. Watjen & Robbins, brokers, agreed to take a mortgage of $3,200.   On account of stringency in the money market, they were unable to raise this sum and it was then agreed that the mortgage should be executed to Henry C. McDuff, who was to furnish the lumber for the house, as security for his bill, and that Watjen & Robbins should advance the money necessary for other materials and for labor, and that the mortgage should be transferred to them upon their payment of McDuff's bill.   Pursuant of this arrangement McDuff advanced lumber to the amount of $1,345.77 ; Watjen & Robbins made advances to the amount $1,696.35 ; Frank E. Tingley to the amount of $398.41, and the City Coal Co. to the amount of $119.35.   These last two bills have not been paid, but it appears in testimony that they were guaranteed by Watjen & Robbins and that the creditors look to them for payment and not to the complainant.

The master allowed the cash payments made by Watjen & Robbins, for bills incurred, as payments to the complainant on account.   He also found, as the goods were apparently sold and delivered to Cusson, by McDuff, Tingley and the Coal Co., and as he had not been formally released from the claims therefor, that he was still liable for them, and so entititled to a lien for them in his account.   To this latter finding the mortgagee, McDuff, for himself and the other creditors, objects, upon the ground that the arrangement under which the house was built made the mortgage the sole security for all the indebtedness incurred by Watjen & Robbins, as well as for his own, up to the amount of the mortgage, and that the complainant should only be allowed a lien for the sum due on his contract over and above these bills.   In considering this objection the master says :   ''If the evidence sup-

ports this position, undoubtedly my report should be reformed accordingly."

' While the master is quite right in holding that there has been no clear release of the claims against Cusson, if there ever were any, and that the parties did not go through the usual formalities of a novation, we still think that the evidence shows that the claim made by the creditors under the mortgage is well founded. As to McDuff's bill it seems to be clear that it never was a claim against Cusson. It appears that Cusson applied to McDuff for lumber, before the mortgage was given, and the latter refused to let him have any. McDuff testifies that the only consideration was the mortgage. Cusson also testifies that he supposed that the bills of McDuff, Tingley and the Coal Co. were to be paid out of the $3,200 mortgage. It thus appears to have been the common understanding that these parties did not give credit to Cusson, whatever entries they may have made in their books for convenience or for the identification of the bills. The arrangement clearly was that, as the money could not be raised to pay the bills, the advances should stand for the consideration of the mortgage. We think, therefore, that McDuff holds the mortgage as trustee for such advances as have been made upon the faith of it; that Cusson is not liable for such advances, and so is not entitled to a lien for any part of them. They are no part of his legal claim. All of the parties testify that they do not look to him for payment and have no claim upon him. The arrangement amounts to the same thing as though the $3,200 had been paid to Gemme and wife and they had paid these bills. The contractor would then have had a lien only for his balance over and above the bills so paid; Gemme and his wife would have been liable only for that balance and their mortgage, and the mortgagee would have held the security only for the $3,200. It makes no difference that materials were advanced instead of money. The result is the same, and the rights of all parties should be protected according to the common understanding. This view seems to us to be supported by testimony on both sides, and is overcome only by assuming

that Cusson is liable for these bills, when it appears that he is not.

*John E. Goldsworthy*, for petitioner.

*Thomas W. Robinson & Edwin D. McGuinness*, for certain parties in interest.